## J. S. ARNOLD'S G'D'N, ET AL., *v.* B. F. DOTY, ET AL.

**Proceeding in Equity—Fraudulent Conveyance.**
A creditor cannot proceed in equity to set aside a fraudulent conveyance made by his debtor until he has obtained judgment and return of nulla bona, or showed some reason why legal process would not be effectual.

### APPEAL FROM GARRARD CIRCUIT COURT.

#### February 17, 1877.

OPINION BY JUDGE COFER:

Prior to the passage of the act of 1838 (Loughbrough) the rule was firmly established in this state, by numerous adjudications of this court, that a creditor could not proceed in equity to set aside a fraudulent conveyance made by his debtor until he had obtained judgment and a return of nulla bona. That act may have changed the pre-existing rule, but is not now in force, having been superseded by the provisions of Secs. 474-478, Civil Code, which only authorize proceedings in equity to enforce the satisfaction of judgment after a return of no property.

But if this were not so, the appellant still had no right to proceed in equity without showing some reason why legal process would not be effectual against the representatives of Boyle, against whom he has judgment. There is nothing to show that they are not solvent, or why they cannot be successfully proceeded against on a common-law execution.

We see no reason for the distinction, urged by some of the counsel, between a proceeding to subject choses in action and a proceeding to subject land fraudulently conveyed, to the satisfaction of judgments. If there be any reason for a distinction between suits to subject the two classes of effects it would seem that a proceeding to subject choses in action, rather than to subject real estate, should be allowed without waiting for the return of an execution. Choses in action may be collected, transferred or concealed beyond the reach of the creditor while waiting for the return of an execution, but the land must remain within his reach subject to the single risk that it may, in the meantime, be sold to, paid for by and conveyed to an innocent purchaser.

That it may be inequitable, as between Doty and the representatives of Bogle, that the latter should be required to pay the whole amount, cannot confer jurisdiction on the chancellor to set aside the conveyance to Parks upon the complaint of the appellant. One who has no right in himself to come into a court of equity cannot maintain his suit upon an equity in a third person.

We are therefore of the opinion that the petition did not contain a statement of facts constituting a cause of action, and the judgment dismissing it must be *affirmed*.

*R. M. & W. O. Bradley, B. M. Burdett, for appellants.*

*G. W. Dunlap, George R. McKee, W. D. Hopper, for appellees.*

